UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
KALIMA A. GRAIR,                                :
                                                :   CASE NO. 1:09-cv-01516
            Plaintiff,                          :
                                                :
v.                                              :   OPINION & ORDER
                                                :   [Resolving Doc. Nos. 9, 10, & 11.]
THE OHIO BELL TELEPHONE CO.,                    :
                                                :
            Defendant.                          :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant The Ohio Bell Telephone Company, d/b/a AT&T Ohio ("AT&T Ohio"), moves this Court to grant partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c). In support of its motion, AT&T Ohio says that Plaintiff Kalima A. Grair's common-law claim for wrongful discharge in violation of public policy fails to state a claim upon which relief can be granted. [Doc. 9.] The Plaintiff opposes the motion. [Doc. 10.] For the following reasons, the Court **GRANTS** the Defendant's motion.

**I. Background**

Plaintiff Grair's complaint alleges that Defendant AT&T Ohio, her former employer, terminated her employment unlawfully. [Doc. 1 at 5-9.] The Plaintiff alleges that the Defendant discharged her because of her race, not (as the Defendant said) for making allegedly fraudulent claims under the Family Medical Leave Act. [*Id.* at 6.] The Defendant denies this allegation. [Doc. 4.] The Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, Chapter 4112 of the

Case No. 1:09-CV-01516
Gwin, J.

Ohio Revised Code, the Family Medical Leave Act, and—the claim at issue here—Ohio common law. [Doc. 1 at 5-8.]

### II. Legal Standard

The Court decides a motion for judgment on the pleadings under Federal Civil Rule 12(c) using the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). Thus, "'[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Id.* (citation omitted).

### III. Analysis

Defendant AT&T Ohio contends that Plaintiff Grair's common-law wrongful discharge claim fails for three reasons. [Doc. 9 at 1.] First, the Defendant asserts that common-law wrongful discharge claims are available only to at-will employees—not employees like Plaintiff, whose conditions of employment are controlled by a collective bargaining agreement. [*Id.* at 2-3.] Second, the Defendant claims that the Plaintiff fails to identify a public policy that her discharge violated. [*Id.* at 4-5.] Finally, the Defendant argues that a common-law wrongful discharge claim is unavailable here because existing statutory remedies adequately protect any public policies that the Plaintiff's discharge might have jeopardized. [*Id.* at 5-6.]

In response, the Plaintiff argues that in the race discrimination context, Ohio courts have not limited common-law wrongful discharge claims to at-will employees. [Doc. 10 at 1-2.] The Plaintiff also argues that the availability of some statutory remedies does not preclude a common-law wrongful discharge claim. [*Id.* at 2-3.]

Case No. 1:09-CV-01516
Gwin, J.

To maintain her common-law claim of wrongful discharge in violation of public policy, the Plaintiff must allege:

> 1. That [a] clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element);
>
> 2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element);
>
> 3. The plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element); and
>
> 4. The employer lacked overriding legitimate business justification for the dismissal (the *overriding justification* element).

*Collins v. Rizkana*, 652 N.E.2d 653, 657-58 (Ohio 1995) (citations omitted). "[T]he clarity and jeopardy elements . . . are questions of law to be determined by the court," while "'the jury decides factual issues relating to causation and overriding justification.'" *Id.* at 658 (citation omitted).

In this case, the Plaintiff's common-law wrongful discharge claim fails on the jeopardy element. In evaluating the jeopardy element, Ohio law rejects the belt-and-suspenders approach: If existing law already provides remedies sufficient to vindicate the public policy at issue, a plaintiff may not maintain a common-law wrongful discharge claim. *See Leininger v. Pioneer Nat'l Latex*, 875 N.E.2d 36, 42 (Ohio 2007) ("It is clear that when a statutory scheme contains a full array of remedies, the underlying public policy will not be jeopardized if a common-law claim for wrongful discharge is not recognized based on that policy.").

Here, the very statutory schemes on which the Plaintiff's first and second claims rely—Title VII of the Civil Rights Act of 1964 and Chapter 4112 of the Ohio Revised Code,

Case No. 1:09-CV-01516
Gwin, J.

respectively—provide adequate remedies to protect the public policy against racial discrimination. In *Leininger*, the Ohio Supreme Court declined to permit a common-law claim for wrongful discharge in violation of Ohio's public policy against age discrimination because the available statutory remedies were adequate to avoid jeopardizing that policy. *See* 875 N.E.2d at 44. Those statutory remedies included: (1) any legal or equitable relief that would effectuate the individual's rights, (2) cease-and-desist orders and orders requiring the employer to hire, reinstate, or upgrade the employee with or without back pay; (3) reimbursement for costs, including reasonable attorney's fees, of the employee's action and compensation for lost wages and lost fringe benefits, and (4) damages, injunctive relief, and any other appropriate relief. *See id.* at 43.

All of the remedies available in *Leininger* are available to Grair. Specifically, Ohio R.C. § 4112.99 provides for "damages, injunctive relief, and any other appropriate relief." Moreover, Ohio R.C. § 4112.05(G)(1) provides for cease-and-desist orders as well as orders that an employer hire, reinstate, or upgrade the aggrieved employee with or without back pay.[1] Title VII of the Civil Rights Act of 1964 reinforces these state statutory remedies. Compensatory and punitive damages are available under 42 U.S.C. § 1981a. And 42 U.S.C. § 1988 provides for an award of costs, including a reasonable attorney's fee.[2]

---

[1] In addition, Ohio R.C. § 4112.06(A) provides for judicial review of any such order—including the refusal to issue an order.

[2] The cases that the Plaintiff cites are distinguishable because the relevant statutory schemes in those cases did not provide aggrieved plaintiffs with the right to a jury trial on their claims. *See Kulch v. Structural Fibers, Inc.*, 677 N.E.2d 308, 325 (Ohio 1997); *Livingston v. Hillside Rehab. Hosp.*, 680 N.E.2d 1220 (Ohio 1997); *Collins v. Rizkana*, 652 N.E.2d 653, 660-61 (Ohio 1995) (recognizing common-law wrongful termination claim where no statutory remedies were available because plaintiff's employer was too small to come within scope of § 4112's coverage). Here, by contrast, a jury trial is available under both the federal and state statutory schemes. *See* 42 U.S.C. § 1981a(c); *Taylor v. Nat'l Group of Cos., Inc.*, 605 N.E.2d 45, 46 (Ohio 1992) (recognizing right to jury trial under Ohio R.C. § 4112.99); *see also Hoops v. United Tel. Co. of Ohio*, 553 N.E.2d 252, 257 (Ohio 1990) ("The language of . . . [R.C.] 4112.99 shows that
(continued...)

Case No. 1:09-CV-01516
Gwin, J.

Given the availability of these statutory remedies, the Plaintiff may not maintain an Ohio common-law claim for wrongful discharge in violation of public policy. Accordingly, the Court **GRANTS** Defendant AT&T Ohio's motion for partial judgment on the pleadings. The Court dismisses the Plaintiff's common-law claim for wrongful discharge in violation of public policy.[3]

IT IS SO ORDERED.


Dated: August 28, 2009                             s/    *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[2](...continued)
when the legislature wants to provide legal relief (and hence a right to a jury) in addition to equitable relief, it uses specific language to do so.").

[3] Because the Court grants the Defendant's motion based on the jeopardy element, it need not reach the Defendant's other arguments.